IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



**FILED**

**JUN 2 9 2017**

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| SAVE OUR CABINETS, EARTHWORKS, and CLARK FORK COALITION, | CV 16–53–M–DWM |
| Plaintiffs, | (Consolidated with Case No. CV 16–56–M–DWM) |
| vs. | ORDER |
| UNITED STATES DEPARTMENT OF AGRICULTURE, U.S. FOREST SERVICE, and CHRISTOPHER S. SAVAGE, | |
| Defendants, | |
| and | |
| MONTANORE MINERALS CORPORATION, | |
| Defendant-Intervenor. | |

On May 30, 2017, the parties' motions for summary judgment (Docs. 35,

39, 48, 52) were granted-in-part and denied-in-part and the matter remanded to the

Forest Service based on claims advanced under the National Environmental Policy

Act ("NEPA"), the Forest Service Organic Act of 1897 ("Organic Act"), the

Federal Water Pollution Control Act ("Clean Water Act"), and the National Forest

1

Management Act ("NFMA"). (Doc. 69.) Plaintiffs now request judgment be entered and that the agency's decision documents be vacated. (Doc. 70.) The defendants do not object to the entry of judgment, but insist vacatur is neither necessary nor appropriate. (Docs. 72, 73.)

Federal Defendants oppose setting aside the agency documents on the grounds that the requested relief is not necessary because it does no more than that provided for in the remand order and because the JFEIS does not represent "final agency action." (*See* Doc. 72.) Montanore, on the other hand, argues that vacatur is not appropriate because the deficiencies identified by the Court can be addressed on remand with the Record of Decision in place and vacatur would be disruptive of the permitting process. (Doc. 73.) Neither position is persuasive.

Pursuant to the Administrative Procedure Act ("APA"), the "reviewing court shall . . . set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *see also Fla. Power & Light v. Lorion*, 470 U.S. 729, 74 (1985). "Whether agency action should be vacated depends on how serious the agency's errors are and the disruptive consequences of interim change that may itself be changed." *Cal. Comms. Against Toxics v. U.S. E.P.A.*, 688 F.3d 989, 992 (9th Cir. 2012) (internal quotation marks omitted). Here, the agency's

2

decision was found arbitrary and capricious in violation of the Clean Water Act, Organic Act, NEPA, and NFMA. Although the NEPA violations may be considered largely procedural—i.e., the need to provide mitigation discussion for Poorman Creek—the other violations are substantial. Moreover, the consequences of vacating the Record of Decision are distinguishable from those present in *California Communities Against Toxics* where the Ninth Circuit conclude vacatur could result in blackouts, "economically disastrous" results, and require extensive legislative efforts to remedy. 688 F.3d at 994. Here, vacatur would maintain the status quo and does not prevent Montanore from taking steps to continue the permitting process.

Because the Record of Decision and the JFEIS were found to violate the APA, (Doc. 69), they must be set aside. In the alternative, Montanore asks vacatur be limited to the future phases of the Project, leaving the Record of Decision in place as to the Evaluation Phase. Such a piecemeal approach to vacatur is not appropriate here as the primary problem with the Record of Decision identified in this Court's earlier order is that it approves the *entire* Project, not just the Evaluation Phase. By setting aside the Record of Decision in its entirety, the agency has the opportunity to decide how it would like to proceed, either through issuing a new Record of Decision that approves only the Evaluation Phase or one

3

that once again addresses the entire project.

IT IS ORDERED that Plaintiffs' motion (Doc. 70) is GRANTED. The Clerk of Court is directed to enter judgment, dated today, consistent with the May 30, 2017 Opinion and Order on Summary Judgment, (Doc. 69), and this Order. The Forest Service's decision to approve the Montanore Mine Project is VACATED, and the 2016 Record of Decision and 2015 Joint Final Environmental Impact Statement are set aside and remanded to the Forest Service for further action as outlined in the May 2017 Opinion and Order.

Dated this _29th_ day of June, 2017.

Donald W. Molloy, District Judge
United States District Court